IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY DAVIDSON,                    :
                                     :
          Plaintiff,                 :          CIVIL ACTION FILE NO.
                                     :
v.                                   :
                                     :
CITY OF ATLANTA, GEORGIA,            :
                                     :
          Defendant.                 :

## COMPLAINT

Plaintiff Anthony Davidson files this Complaint against the City of Atlanta, Georgia, alleging that he was terminated because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), as follows:

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over the Plaintiffs' federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because all the parties reside in this District and the causes of action alleged herein occurred in this District.

## PARTIES

2.

Plaintiff Anthony Davidson ("Davidson") is a citizen of the State of Georgia and a resident of the Northern District of Georgia.

3.

The City of Atlanta is a municipality organized pursuant to the Georgia Constitution, located within this District and subject to the jurisdiction of this Court. The City of Atlanta maybe served with summons and process by and through its agent authorized to accept service, Cathy Hampton, Esq., 68 Mitchell Street, S.W., Suite 4100, Atlanta, Georgia, 30303.

## FACTUAL ALLEGATIONS

4.

Davidson began his long career with the Atlanta Fire Rescue Department on June 18, 1984 as a firefighter.

5.

Davidson steadily progressed through the ranks and ultimately rose of the level of Deputy Chief of Operations.

6.

On May 7, 2010, Interim Fire Chief Joel Baker ("Baker") informed Davidson that he was to be demoted to the position of Section Chief over Training. This action became effective on May 13, 2010.

7.

At the time of his demotion, Davidson was 52 years old.

8.

Baker demoted three other Chiefs at the same time, as follows: Huley B. Dodson, Deputy Chief, age 58; Michael Williams, Assistant Chief, age 59; and B. Nishiyama Willis, Deputy Chief, age 54.

9.

All of these senior officers were replaced with candidates who were age 46 and under.

10.

Defendant replaced Davidson with Mr. Christopher Wessels, who was approximately 42 years old at the time.

11.

After he demoted Davidson, Baker issued to Davidson a "needs improvement"

performance rating.

12.

Prior to receiving the "needs improvement" rating, Davidson had never received a rating less than "highly effective" or "outstanding."

13.

During his 26 years with the Atlanta Fire Rescue Department prior to his demotion, Davidson had never been disciplined for any reason.

14.

Davidson's demotion carried with it a substantial reduction in pay, from $103,891 to $84,745, a difference of $19,146 annually.

15.

Davidson's demotion and his relatively poor evaluation rendered him ineligible for future promotions.

16.

The only reason Baker offered to Davidson for his demotion was that Baker desired to "take the department in a different direction."

17.

Davidson's demotion was non-disciplinary.

## Age Discrimination Allegations

18.

Davidson incorporates the preceding factual allegations in support of his claim that he was demoted based on his age.

19.

Based on the foregoing, Davidson alleges that he was demoted because of his age, 52, in violation of the ADEA.

20.

On November 2, 2010, Davidson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was demoted because of his age.

21.

November 2, 2010 is within 180 of Baker's May 7, 2010 notice to Davidson that he was being demoted.

22.

Davidson received his "Dismissal and Notice of Rights" letter from the EEOC sometime after June 1, 2011, the date it was issued.

23.

This complaint is filed within 90 days of June 1, 2011.

24.

Davidson exhausted all administrative prerequisites prior to filing this action.

25.

Davidson lost wages and substantial retirement benefits as a result of his demotion.

26.

Defendant's conduct was intentional, reckless, and in complete disregard of Davidson's federally protected rights.


**WHEREFORE**, Davidson requests the following relief:

A)   That upon a hearing of this matter, the Court issue judgment in his favor for Defendant's violation of the ADEA;

B)   That he be awarded lost wages, reinstatement, front pay in lieu of reinstatement, lost retirement benefits, and all other legal and equitable relief allowed under the ADEA;

C)   That he be awarded liquidated damages in the amount of his lost wages;

-6-

D)      That he be awarded a separate amount as interest on his lost wages and other

actual damages accruing before trial;

E)      That he be awarded costs and attorneys fees under the ADEA;

F)      That he be granted a trial by jury on all issues wherein a jury trial is permitted

under law; and

G)      Such other equitable or legal relief as the Court deems just and proper.


                                /s/ Andrew Y. Coffman
                                Andrew Y. Coffman
                                Georgia Bar No. 173115
                                acoffman@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309
Telephone:  (404) 873-8000
Facsimile:  (404) 873-8050

-7-