IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY DAVIDSON,

    Plaintiff,

v.

CITY OF ATLANTA, GEORGIA,

    Defendant.

CIVIL ACTION NO.
1:11-cv-2880-JEC

## ORDER & OPINION

This case is before the Court on defendant's Motion for Summary Judgment [22]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion [22] should be **DENIED.**

## BACKGROUND

This is an employment discrimination case. Plaintiff was hired as a firefighter with the Atlanta Fire and Rescue Department ("AFRD") in 1984. (Def.'s Statement of Material Facts ("DSMF") [22] at ¶ 1.) He consistently received good reviews and steadily progressed through the ranks of the department. (*Id*. and Pl.'s Dep. at 18.) In 2007, plaintiff was promoted to the position of Deputy Chief. (DSMF [22] at ¶ 1.) Plaintiff continued to receive positive evaluations in the Deputy Chief position. (Pl.'s Dep. at 18.)

In 2009, Section Chief Joel Baker was selected through an interview process to be the Interim Fire Chief. (DSMF [22] at ¶ 2 and Baker Dep. at 6.) Shortly thereafter, Baker decided to "reorganize" the Executive Staff of the AFRD. (DSMF [22] at ¶ 5.) As part of the reorganization, Baker demoted the acting Assistant Chief and two Deputy Chiefs, including plaintiff. (*Id.* at ¶¶ 6, 10, 16.) All of the demoted Chiefs were replaced by significantly younger individuals. (*Id.* at ¶¶ 10, 16.) The demotions became effective on May 13, 2010. (Compl. [1] at ¶ 6.)

Following his demotion, plaintiff received a "needs improvement" evaluation from Baker. (DMSF [22] at ¶ 17.) As the basis for the negative rating, Baker claimed that plaintiff had not met his professional development requirements. (*Id.* at ¶ 18.) However, the evidence suggests that Baker failed to articulate any specific professional development goals and that plaintiff met all of the requirements that were in place. (Pl.'s Resp. to DSMF [28] at ¶ 18 and Pl.'s Dep. at 12-13.) Ultimately, plaintiff's negative evaluation was overturned and revised by an evaluation review committee. (Baker Dep. at 57-58.)

Plaintiff filed a timely EEOC charge in November, 2010. (Compl. [1] at ¶¶ 20-21.) In the charge, plaintiff claimed that defendant had discriminated against him on account of his age by demoting him from the Deputy Chief position. (*Id.* at ¶ 20.) The EEOC issued a

2

Notice of Right to Sue regarding the charge on June 1, 2011. (*Id*. at ¶ 22.) Plaintiff subsequently filed this lawsuit asserting one count of age discrimination under the Age Discrimination in Employment Act (the "ADEA"). (*Id.* at ¶¶ 18-26.) Defendant has filed a motion for summary judgment on the claim, which is now before the Court. (Def.'s Mot. for Summ. J. [22].)

## **DISCUSSION**

### I. **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249-50.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Federal Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial.

3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322-23 (quoting FED. R. CIV. P. 56(c)).

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323. The movant may discharge his burden by "'showing'--that is, pointing out to the district court-- that there is an absence of evidence to support the non[-]moving party's case." *Id.* at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324. The court is to view all evidence and factual inferences in a light most favorable to the non-moving party. *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48.

## II. **PLAINTIFF'S ADEA CLAIM**

Plaintiff does not present any direct evidence of age-based discrimination. The Court thus applies the *McDonnell Douglas* burden-

4

shifting framework to plaintiff's ADEA claim. *See Sims v. MVM, Inc.,* --- F.3d ---, No. 11-14481, 2013 WL 173431, at *3-4 (11th Cir. Jan. 17, 2013)(noting the continued validity of the *McDonnell Douglas* approach in ADEA cases based on circumstantial evidence).[1] Under this framework, plaintiff initially has the burden of establishing a *prima facie* case of age discrimination. *Holland v. Gee,* 677 F.3d 1047, 1055 (11th Cir. 2012). Once plaintiff establishes a *prima facie* case, the burden of production shifts to defendant to articulate a legitimate, non-discriminatory reason for its actions. *Id.* If defendant meets that burden, plaintiff is afforded the opportunity to show that defendant's articulated reason is a pretext for discrimination. *Id.*

Defendant concedes that plaintiff has established a *prima facie* case of age discrimination. (Def.'s Br. in Supp. of Summ. J. ("Def.'s Br.") [22] at 6.) Plaintiff was 52 years old when he was demoted from his position as Deputy Chief. (Pl.'s Resp. Br. [27] at 3.) He was replaced by 42-year old Christopher Wessels. (*Id.*) There is no question that plaintiff was qualified for the Deputy

---

[1] In *Sims,* the Eleventh Circuit reaffirmed the usefulness of *McDonnell Douglas*, but clarified that the framework is "not the *sine qua non* for a plaintiff to survive summary judgment in a discrimination case." *Sims,* 2013 WL 173431, at *4. As the Circuit Court explained, "'the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent.'" *Id.* (quoting *Smith v. Lockheed-Martin Corp.,* 644 F.3d 1321, 1328 (11th Cir. 2011).

5

Chief job when he was demoted. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs,* 162 F.3d 656-57 (11th Cir. 1998)(describing the elements of a *prima facie* case of age discrimination). Plaintiff successfully performed the Deputy Chief position for approximately three years before his demotion. (Pl.'s Dep. at 18.)

However, defendant argues that it is entitled to summary judgment because it has asserted legitimate, nondiscriminatory reasons for plaintiff's demotion. (Def.'s Br. [22] at 6-8.) The Court agrees that defendant has met its "exceedingly light" burden of articulating at least one legitimate, nondiscriminatory reason for Baker's decision to demote plaintiff. *Perryman v. Johnson Prods. Co., Inc.,* 698 F.2d 1138, 1142 (11th Cir. 1983). But there is substantial evidence in the record to support plaintiff's theory that the articulated reason is pretextual, and that the actual reason was age discrimination. Accordingly, as explained below, defendant's motion for summary judgment is **DENIED**.

### A. Defendant's Legitimate, Nondiscriminatory Reasons

As indicated above, an employer's burden to articulate a legitimate, nondiscriminatory reason for an adverse personnel decision is not onerous. *Hall v. Alabama Ass'n of Sch. Bds.,* 326 F.3d 1157, 1166 (11th Cir. 2003). It is a burden of production, not persuasion. *Id.* Thus, defendant does not have to persuade the Court that it actually was motivated by the proffered reason. *Id.* Rather,

defendant must simply provide a clear and reasonably specific explanation for its decision that, "'taken as true, would permit the conclusion that there was a nondiscriminatory reason'" for plaintiff's demotion. *Bui v. Haley,* 321 F.3d 1304, 1319-20 (11th Cir. 2003)(emphasis omitted)(quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 509 (1993)).

Defendant has met its burden, albeit not very convincingly. In explaining plaintiff's demotion, defendant primarily relies on a city ordinance that gives the Fire Chief broad discretion to appoint members of the Executive Staff, including Deputy Chiefs. (Def.'s Br. [22] at 6-7.) Of course, the fact that Baker had discretion to select members of the Executive Staff provides no insight into whether his selections were impermissibly age-based. Nor does it constitute a "reasonably specific" explanation for plaintiff's demotion. *Hall,* 326 F.3d at 1166. *See also Chapman v. AI Transp.,* 229 F.3d 1012, 1034 (11th Cir. 2000)(a subjective reason is legally sufficient if it is based on a "clear and reasonably specific factual basis"). Baker admitted in his deposition that it was not standard practice for a new Fire Chief to remove and replace the members of the Executive Staff upon assuming office. (Pl.'s Dep. at 8-10 and Baker Dep. at 47-49.)

Nevertheless, the slightly more detailed explanation that appears in defendant's summary judgment briefing is sufficient to

7

meet defendant's burden of production. (Def.'s Br. [22] at 10-12.) Baker stated in his deposition that he wanted to implement a greater focus on professional development and education in the Executive Staff. (*Id.*) According to Baker, Wessels was more qualified than plaintiff for the Deputy Chief position because he had attended the National Fire Academy and obtained a college degree. (*Id.* at 11.) Based on other evidence in the record, Baker's credibility on this issue is questionable. However, it satisfies the requirement of articulating a legitimate, nondiscriminatory reason for plaintiff's demotion. *See Perryman,* 698 F.2d at 1142 and *Hall,* 326 F.3d at 1166.

B. <u>Pretext</u>

At this stage in the analysis, plaintiff has the opportunity to counter defendant's articulated nondiscriminatory reason with evidence that the explanation is pretextual. *Kragor v. Takeda Pharm. Am., Inc.,* --- F.3d ---, No. 11-16052, 2012 WL 6618360, at *2 (11th Cir. Dec. 20, 2012). Plaintiff can show pretext "'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Id.* (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256 (1981)). Both types of evidence are available in this case.

As an initial matter, there is substantial evidence to suggest that defendant's proffered reason is simply a post hoc explanation.

8

As discussed, the only specific reason defendant has provided for plaintiff's demotion is an alleged deficiency in plaintiff's education and professional development work. (Def.'s Br. [22] at 10-12.) According to defendant, Baker wanted to implement a greater focus on education and professional development in his Executive Staff. (*Id.*) However, Baker admits that he did not articulate any goals or requirements for education or professional development work when he assumed the Interim Fire Chief position. (Baker Dep. at 55-57.)

Neither did Baker indicate, at the time of the decision, that plaintiff's demotion was related to his education level or failure to comply with professional development requirements. (*Id.* at 13-14.) Instead, Baker gave plaintiff the vague explanation that he "wanted to move in a different direction" with the AFRD. (*Id.* at 13.) Following the demotion, Baker gave plaintiff a negative evaluation on the alleged ground of a professional development deficiency. (*Id.* at 56-57.) But the evidence suggests that plaintiff met all of the professional development requirements that were in place, including attendance at the National Fire Academy. (Pl.'s Resp. to DSMF [28] at ¶ 18 and Pl.'s Dep. at 12-13.) The negative evaluation was overturned on appeal. (Baker Dep. at 57-58.)

Additional circumstantial evidence is consistent with a theory that, in demoting plaintiff, Baker was more likely motivated by age

9

than by a perceived deficiency in plaintiff's education or professional development work. When he assumed the Interim Fire Chief position, Baker demoted three out of the four standing members of the AFRD's Executive Staff. (DSMF [22] at ¶¶ 6, 10, 16.) All of the demoted staff members were over 50 years old at the time, and all were replaced by significantly younger individuals. (*Id.* at ¶¶ 10, 16 and Pl.'s Resp. Br. [27] at 2-3.) Baker did not remove the fourth staff member, Brenda Willis, because she was being considered for the permanent Fire Chief position at the time. (Baker Dep. at 19-20.) However, Baker informed Willis that he had decided to remove her from her position if he was selected as the permanent Fire Chief. (*Id.* at 41-42.) There is evidence that Baker intended to replace Willis with an individual who was ten years younger. (Pl.'s Resp. Br. [27] at 2-3.)

Finally, plaintiff has produced evidence that Baker frequently made negative age-related comments during his tenure as Interim Fire Chief. (*Id.* at 3-4.) For example, during staff meetings Baker referred to Chief Michael Williams, then 59, as "ancient" and the "'oldest thing' in the room." (*Id.*) These comments would not be sufficient, in and of themselves, to raise a triable issue of fact on age discrimination. But viewed alongside the other evidence in the record, they suggest that defendant's proffered reason for plaintiff's demotion is pretextual. *See Sims*, 2013 WL 173431, at \*4

10

and *Kragor,* 2012 WL 6618360, at *2. Accordingly, defendant's motion for summary judgment should be **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** defendant's Motion for Summary Judgment [22].

SO ORDERED, this 29th day of January, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

11

AO 72A
(Rev.8/82)

and *Kragor,* 2012 WL 6618360, at *2.  Accordingly, defendant's motion for summary judgment should be **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** defendant's Motion for Summary Judgment [22].

SO ORDERED, this 29th day of January, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE